UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
|     ROBERT D. MORT RANTA | ) | Civil No. 1:12-cv-00505-CMH/TCB |
|         Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ROBERT D. MORT RANTA, | ) | |
| | ) | On appeal from |
|         Appellant, | ) | |
| | ) | Bankruptcy Case No. 11-18842-RGM |
| v. | ) | |
| | ) | |
| THOMAS P. GORMAN, Trustee, | ) | |
| | ) | |
|         Appellee. | ) | |
| _____ | ) | |

## REPLY BRIEF OF APPELLANT

### THE TRUSTEE'S ARGUMENT IGNORES THE CLEAR STATUTORY LANGUAGE AND IS ENTIRELY UNSUPPORTED BY THE CASE LAW

      While the Trustee makes policy arguments about the scope of 42 U.S.C. § 407, and even of 11 U.S.C. §§ 101(10A) and 1325(b), nowhere does he address the clear and unambiguous language of these code sections, which clearly exclude social security benefits from the operation of any bankruptcy law, and exclude them from the definition of "current monthly income" and thus disposable income. The words "actual ability to repay his creditors" appears only in the trustee's brief, not in the bankruptcy code. The code is replete with situations where there is an actual ability to repay, in particular where there are assets exempted under § 522 or excluded from the estate under § 541, as well as here where certain income is excluded. This

was a decision Congress made, and it is not for the courts to second-guess these decisions on policy grounds.

The trustee argues that since Schedule I requires *disclosure* of social security benefits, they must be included in determining disposable income.  This is wrong.  First, an official form cannot trump the Code, and second, the fact that a form requires disclosure does not change the fact that the benefits are not included in current monthly income, and thus disposable income.

The Trustee cites not a single case to support his argument that social security benefits must be included in calculating disposable income to fund a plan.  In desperation he argues that pre-BAPCPA practice of including social security should be followed, but there was an unambiguous change in the law in 2005.  "As for pre-Code practices, they can be relevant to the interpretation of an ambiguous text, but we find no textual ambiguity here."  *Radlax Gateway Hotel LLC v. Amalgamated Bank*, No. 11-166, slip op. at 10 (U.S. May 29, 2012).

Conclusion

WHEREFORE, as stated in his principal brief, the Debtor/Appellant respectfully requests that this honorable Court allow the Motion for Leave to Appeal, and on the merits reverse the Order of the Bankruptcy Court and overrule the Trustee's objection to confirmation.

Dated: June 19, 2012.

    Respectfully submitted,

    /s/ Daniel M. Press_____
    Daniel M. Press, VSB #37123
    dpress@chung-press.com
    CHUNG & PRESS, P.C.
    6718 Whittier Avenue, Suite 200
    McLean, Virginia 22101
    (703) 734-3800
    (703) 734-0590 [facsimile]
    Counsel for Debtor/Appellant

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Thomas P. Gorman
>Chapter 13 Trustee
>300 N. Washington Street, #400
>Alexandria, VA 22314

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

>None

> /s/ Daniel M. Press
> Daniel M. Press, VSB #37123
> dpress@chung-press.com
> CHUNG & PRESS, P.C.
> 6718 Whittier Avenue, Suite 200
> McLean, Virginia 22101
> (703) 734-3800
> (703) 734-0590 [facsimile]
> Counsel for Debtor/Appellant